**110**

Yvette B. HARRIS, Plaintiff,

v.

Norman CARLSON, U. S. Bureau of Prisons; Warden Charles Turnbo, F.C.I. Pleasanton; Capt. Bill Cowan; Lt. Hazel Marshall; Lt. Dave Vananetti; Counselor Marilyn Boniel; Correctional Staff Members, Pleasanton, Defendants.

Mrs. Yvette B. HARRIS and Mr. Eric Pecot, Plaintiffs,

v.

FEDERAL CORRECTIONAL INSTITUTION, Pleasanton, et al., Defendants.

Nos. C 81–1844 SAW, C 81–3014 SAW.

United States District Court,
N. D. California.

Sept. 2, 1982.

Federal Public Defender's Office, Geoffrey Hansen, San Francisco, Cal., for plaintiff.

Yvette Harris, in pro. per.

ORDER

WEIGEL, District Judge.

In both of the above entitled cases, plaintiff claims, *inter alia,* that her release from prison has been delayed because the Parole Commission retaliated against her for suing the government over an alleged forced surgery and alleged medical malpractice. On February 26, 1982, the Court issued an Order pursuant to 18 U.S.C. § 3006A(g) directing the Federal Public Defender for the Northern District of California to represent plaintiff Harris with respect to that claim. The Federal Public Defender now moves to be relieved as counsel of record on the ground that, having reviewed plaintiff's files and conducted substantial legal research, he has concluded that "there is no evidence contained in any of [plaintiff's] files that would support her claim..." (Hansen Decl., ¶ 7.) Plaintiff has given her counsel permission to withdraw from these cases.

In light of the foregoing, the motion of plaintiff's counsel should be granted. Plaintiff has requested that the Court appoint another attorney to represent her. Under 18 U.S.C. § 3006A(g), the Court is authorized to appoint counsel to an individual seeking review of a parole commission decision if the Court determines that "the interests of justice so require..." Here, the Federal Public Defender has investigated plaintiff's claim and concluded that it is without merit. Further, he has provided plaintiff with relevant case authority addressing the issues that were raised in her original complaints (Hansen Decl., ¶ 8). Under these circumstances, it cannot be concluded that the interests of justice require the appointment of another attorney. Accordingly,

IT IS HEREBY ORDERED that the motion of plaintiff's counsel, Geoffrey A. Hansen, to be relieved as counsel of record is granted.

IT IS FURTHER HEREBY ORDERED that plaintiff's request for an appointment of counsel is denied.